(Del. Rev. 12/98)



## IN THE UNITED STATES DISTRICT COURT 2005 JUL -1 AM 11: 57
## FOR THE DISTRICT OF DELAWARE

Helen F. Ryfa

_____
(Name of Plaintiff or Plaintiffs)

v.

DSCYF/OPEI

OFFicers, AGents, DiRecTORS
(Name of Defendant or Defendants)

CIVIL ACTION No. ___ 05 - 458

### *COMPLAINT UNDER TITLE VII*

### *OF THE CIVIL RIGHTS ACT OF 1964*

1.    This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.    Plaintiff resides at 307 E. Silver Fox Rd
(Street Address)
Newark    NewCastle    DE    19702
(City)    (County)    (State)    (Zip Code)
302-292-2282
(Area Code) (Phone Number)

3.    Defendant resides at, or its business is located at 1825 FAULKLAND RD
(Street Address)
Wilm.    N.C.    DE    19805
(City)    (County)    (State)    (Zip Code)

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's DSCYF/OPEI place of bussiness
(Defendant's Name)
located at 1825 FAulKland Rd
(Street Address)
Wilm,    N.C.    DE    19805
(City)    (County)    (State)    (Zip Code)

NOV 2005
APRIL 2004
June 2004
Sept 2004

5.    The alleged discriminatory acts occurred on _____ , _____ , _____ .
                                                    (Day)         (Month)        (Year)
      BEGINNING march 2002 and continued until Nov 2004.

6.    The alleged discriminatory practice    ● is    ○ is not continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware,
      Not filed w/ DoL
      (Agency)          (Street Address)        (City)

      _____ , regarding
      (County)          (State)             (Zip Code)
      defendant's alleged discriminatory conduct on _____ , _____ , _____ .
                                                       (Day)         (Month)        (Year)

8.    Plaintiff filed charges with the Equal Employment opportunity  Commission of the United States
      regarding defendant's alleged discriminatory conduct on:  5 , MAY , 2004 .
                                                               (Day)   (Month)  (Year)

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter
      which was received by plaintiff on: 11 , APRIL , 2005 .
                                        (Day)   (Month)   (Year)

### (NOTE:   ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)

10.    The alleged discriminatory acts, in this suit, concern:

       A.    ● Failure to employ plaintiff.

       B.    ● Termination of plaintiff's employment.

       C.    ○ Failure to promote plaintiff.

       D.    ● Other acts (please specify below)

1, Racial discrimination / National origin

2. Reverse discrimination

3. RETALIATION

4. Hostile work environment

11.    Defendant's conduct is discriminatory with respect to the following:

      A.    ● Plaintiff's race

      B.    O Plaintiff's color

      C.    ● Plaintiff's sex

      D.    O Plaintiff's religion

      E.    ● Plaintiff's national origin

12.    A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.    If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14.    Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE,*  Plaintiff prays as follows: (Check appropriate letter(s))

      A.    ● That all fees, cost or security attendant to this litigation be hereby waived.

      B.    ● That the Court appoint legal counsel.

      C.    ● That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: July 1, 2005

Helen F. Ryfa
(Signature of Plaintiff)

N/A
(Signature of additional Plaintiff)

0 5 -     4 5 8

File number_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HELEN F. RYFA

PLAINTIFF,

V.

DSCYF/OPEI
AND ALL OF ITS OFFICERS, ASSOCIATES AND AGENTS

DEFENDANT.

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Helen Ryfa, alleges:

1. This action is brought on behalf of plaintiff to request enforcement of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. (Title VII).

2. This Court has jurisdiction over the action under 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1345.

3. Defendant Department of Services For Children Youth and Their Families/Office of Prevention and Early Intervention, (herein referred to as "DSCYF/OPEI") is a state social services agency.

4. Defendant, DSCYF/OPEI is a person within the meaning of 42 U.S.C. Section 2000e (a), and an employer within the meaning of 42 U.S.C. Section 2000e (b).

5. Defendant DSCYF/OPEI has discriminated against H. Ryfa a Hispanic female on the basis of race, reverse discrimination and retaliation and hostile work environment. Plaintiff H. Ryfa began employment as a permanent grade 13 level Merit employee as a Clinical Services Coordinator with Child Mental Health (CMH-Division of DSCYF) on June 2, 1999. Total time with CMH was 20 months.
H. Ryfa interviewed and was selected for a non-merit grade level 15 employee as a Family Crisis Therapist (herein referred to as FCT) for Division of Family Services-Office of Prevention and Early Intervention beginning February 16, 2001. Tenure of position was 31 months. In the OPEI program's history since 1996 not one occasion has occurred in which a non-merit employee was not granted the ability to interview for the position they held or did not received the position. This remark was stated to plaintiff when hired for the FCT position. Plaintiff was informed that once the Joint Finance Committee approved the position for permanent Merit status in June/July 2001 the position would be

1

posted and plaintiff would be given the opportunity to interview. Plaintiff took a calculated risk based on stated facts by OPEI staff during the hiring process. At one time a non-merit FCT employee did not make the certification list of her own school and after the insistence by the principal was placed on the certification list and consequently selected for the permanent Merit position.

Prior, during and after plaintiff's employment with DSCYF/OPEI was discriminated against on the basis of race, national origin, retaliation and reverse discrimination and hostile work environment in violation of section 703 (a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), among other ways, by:

a.    subjecting Plaintiff to racial discrimination; and

b.    failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment; and

c.    failure by Equal Employment Opportunity Officer N. Coleman (" EEO/DSCYF") to act in an impartial capacity when assistance was requested by plaintiff on 4 different occasions;

d.    failure or refusing to grant and or offer plaintiff or two other Caucasian employees to transition laterally to the empty FCT position located at Bancroft Academy. Which had been given notice by another non-merit FCT that she would be resigning the position to open her own daycare facility. Which was prior to the date of plaintiff's or the other two Caucasian employees whom DSCYF stated would come to also lose their jobs as of Sept 30, 2003; and

e.    Defendant is responsible for the hiring of all FCT positions in it's Office of Prevention and Early Intervention ("OPEI") and is directly responsible for illegally influencing the non-selection of candidates including plaintiff for the positions located at Bancroft Academy, Richey Elem., Southern Elem., Mt. Pleasant Elem., Eastside Charter, and Baltz Elem; and

f.    Defendant is responsible for retaliating against plaintiff for voicing her racial discrimination concerns to OPEI Program Manager Scott Rosas on March 27, 2002 and for contacting Human Resources Officer Susan Jones with the same concerns on several occasions and finally contacting EEO Officer N. Coleman on four different occasions beginning in early 2002 and ending with a office visit after the last interview on Sept 8, 2004; and

g.    DSCYF/OPEI is responsible for hiring a significantly disproportionate number of African American applicant/candidates for FCT positions versus those of other racial origins during the years of Nov-Dec 2000 to the end of 2004. Of approximately 25 positions filled/promoted/transferred the following was noted (unofficially by plaintiff)         1 Indian (India)
                1 Hispanic (plaintiff)
                6 Caucasian
                17 African Americans

h.    DSCYF/OPEI defendant is responsible for creating a hostile work environment against plaintiff; by

    (i)    by refusing to grant a transfer request by plaintiff, to another FCT position recently vacated in May 2002 at Marshall Elementary. Plaintiff had worked with a population of K-3 grades and was requesting an appropriate transfer to another school working with grades K-4. Instead plaintiff was transferred to a school (Stubbs Intermediate), which only provided grades 4, 5, 6. Grades 5 & 6 were

not included in the Safe Schools Grant, but plaintiff was ordered to work with all grades.
FCT Supervisor John Bates, stating that the principal did not want a FCT replacement, denied plaintiff's request. Marshall Elem. Principal Elva Brooks emphatically denied this statement and in turn replied that she had requested a replacement. This information was later supported by Yvette Santiago (Christina School District- Program Manager for Special Student Services Ms Santiago stated that she had repeatedly requested from Joyce Hawkins (Asst. Prog Manager OPEI) a person to fill the position at Marshall and was told that they did not have anyone. Ms.Santiago further stated that she, "Told Joyce Hawkins that she knew what a "pain in the ass" it was to requisition back the 67 thousand dollars in Safe Schools Grant monies from DSCYF/OPEI

(ii)  Placing Plaintiff in a clearly hostile position with a obviously unhappy Principal at Stubbs Intermediate School. Principal instigated a petition to be signed by all staff stating that she and staff wanted Mr. Johnson to remain at the school. OPEI management ignored this. The principal had previously allocated a whole classroom for the exclusive use of the FCT and the school interventionist. However, when plaintiff arrived for the position, principal informed her that she had no space in the entire building for her to set up office. FCT was required to work out of her old office and automobile for the entire summer. Eventually she was granted use of a laptop to complete her reports. Principal refused to complete an evaluation on plaintiff, instead requesting that a FCT was not required at her school.

(iii)  Placing plaintiff in another school (grades 4, 5, 6) Elbert Palmer Academy. The only space available for individual and group sessions was located in a small corner in the time-out room with another teacher and other student's listening to the conversation. Leaving absolutely no privacy or confidentiality in therapeutic sessions.

(iv)  Plaintiff receiving of email by supervisor containing job announcements from other agencies.

(v)  Defendant, during final evaluation made statements:
"You have an excellent resume and tons of experience, but you need to learn to "shut up". My advice is to look for a job outside of this agency".

I.  Defendant provided preferential treatment of African American FCT's versus other racial groups.

J.  The policies and practices of DSCYF/OPEI constitute a pattern or practice of Resistance to the full enjoyment by Caucasian and Hispanics of their right to equal employment opportunities without discrimination based upon race or national origin. The pattern or practice is of such a nature that it is intended to deny the full exercise of the rights secured by Title VII of the Civil Rights Act of 1964, as amended.

6.  The Equal Employment Opportunity Commission ("EEOC") received a timely Charge filed by plaintiff H. Ryfa (Charge No. 170-2004-02169) in which she alleged that she had been discriminated against in employment on the basis of race, national origin, reverse discrimination, and retaliation during and after employment with DSCYF/OPEI. Plaintiff further alleged that she had reason to believe that this activity took place even prior to her employment hire at DSCYF/OPEI. EEOC Investigator Evangeline Hawthorne-Draper was presented with an email from a source that statements were made implicating DSCYF/OPEI

of selecting applicants based upon race and sex. She did not contact this source prior to her closing the investigation.

7. Pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, the EEOC investigated the charge and was unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

8. All conditions precedent to the filing of suit have been performed or have Occurred.

### Wherefore, plaintiff prays that this Court grant the following relief:

a) Enjoin the Defendant DSCYF/OPEI and it's directors, officers and agents to take appropriate nondiscriminatory measures to overcome the effects of the discrimination.

b) Award compensatory damages to plaintiff as would fully compensate her for her injuries caused by defendant's unlawful conduct, as pursuant to and within the statutory limitations of Section 102 of The Civil Rights Act of 1991, 42 U.S.C. Section 1981a

c) Provide sufficient remedial relief to make whole plaintiff for the loss she has suffered as a result of the retaliation against her as alleged in this complaint;

d) Award such additional relief as justice may require, together wit Plaintiff's costs and disbursements in this action.

## JURY DEMAND

H. Ryfa, Plaintiff, hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a

Helen F. Ryfa, Plaintiff                    July 1, 2005
307 E. Silver Fox Rd                        Date
Newark, Delaware 19702
(302) 292-2282 (telephone)

4

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 170-2004-02169 |

| Delaware Department Of Labor | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Helen Ryfa | (302) 292-2282 | ·1961 |

| Street Address | City, State and ZIP Code |
|---|---|
| 307 E. Silver Fox Road, Newark, DE 19702 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DEL. Dept. Services for Children, Youth & Families | 500 or More | (302) 633-2657 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1825 Faulkland Road, Wilmington, DE 19805 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-03-2003    Latest: 06-30-2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was employed with the Delaware Department of Services for Children, Youth and Families, from June 2, 1999 until September 30, 2003. I held various positions within the Agency, my last position being Family Crisis Therapist. On September 30, 2003, I was discharged. On or about November 2003, I applied, was interviewed and not selected for a Family Crisis Therapist position at the Bancroft Elementary School. On or about April 2004, I applied, was interviewed and not selected for a Family Crisis Therapist position at the Richey Elementary School. On or about June 30, 2004 I applied, was interviewed and not selected for the Family Crisis Therapist positions at the Mt Pleasant Elementary School and the Southern Elementary School. It is my belief that the following positions were filled as follows: Bancroft Elem - J. Stevenson Blackmale; Southern Elem - black female, Mt Pleasant Elem/Black male, Richey Elem - white female. (HR)

II. I was informed in writing that I was not selected because "someone better suited for the position" was selected.

III. I believe that I have been and continue to be discriminated against by not being hired because of my national origin(Hispanic) and/or my sex(female) in violation of Title VII of the Civil Rights Act of 1964, as amended. Also due to retaliation for questioning of racial preferences in my June 2002 transfer (HR)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9/21/2004    Helen F. Ryfa<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161 (10-96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:Helen Ryfa
307 E. Silver Fox Road
Newark, DE 19702

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[   ]    *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

0 5 — 4 5 8

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2004-02169 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[   ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[   ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[   ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[   ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[   ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[   ]    While reasonable efforts were made to locate you, we were not able to do so.

[   ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[   ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[   ]    Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice;** otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso, District Director

*april 8, 2005*

*(Date Mailed)*

Enclosure(s)

cc:    DE Dept. of Services for Children Youth Families

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult
an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him
or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner,
it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the
Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases
can be brought where relevant employment records are kept, where the employment would have been, or where the
respondent has its main office. If you have simple questions, you usually can get answers from the office of the
clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal
strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.
For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit
before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore,
if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be
filed within 90 days of this Notice and within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such
assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to
explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day
period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need
to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any
request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*