IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELEN F. RYFA, | : |
| Plaintiff, | : |
| v. | : C.A.No. 05-458-KAJ |
| DSCYF/OPEI, and all its OFFICERS, AGENTS, DIRECTORS, | : |
| Defendant. | : |

**STIPULATION AND ORDER AS TO CONFIDENTIALITY**

This Stipulation and Order of Confidentiality is designed to balance the rights of the plaintiff to have access to potentially relevant evidence in the custody, possession or control of the Department of Services for Children, Youth and their Families ["DSCYF"] and individuals employed by it whose personnel records the Plaintiffs may seek to discover. It is, therefore, agreed as follows:

1.  Any personnel files, and any other internal documents and information of a personal nature concerning any present or past employee of DSCYF (hereinafter referred to collectively as "Confidential Material"), may be supplied by the Defendant to Plaintiff pursuant to written discovery requests subject to the terms of this Stipulation and Confidentiality Order.

2.  The designation of material as "Confidential" for purposes of this Stipulation shall be made in the following manner:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatories or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Material, except that in the case of multi-page documents bound together by staple or other binding, the word "Confidential" need only be stamped on the cover page of the document in order for the entire document to be treated as Confidential Material; provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and the State Defendants may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order;

(b) In the case of depositions or other pretrial discovery: (i) by a statement on the record at the time of such disclosure that such testimony shall be treated as Confidential Material; or (ii) by written notice, sent by counsel to all parties within ten business days after receiving a copy of the transcript. In both of the foregoing instances, counsel shall direct the court reporter that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. Only those portions of the transcripts designated as "Confidential" pursuant to sections (i) and (ii) above shall be deemed Confidential Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, or otherwise by

written stipulation, without further order of the Court.

3. Each person to whom Confidential Material is disclosed or made available, including experts or consultants retained by any party, shall be advised of the existence and the contents of this Stipulation and Order and shall be bound by its terms and conditions. No such person shall divulge any Confidential Material, or any data or information obtained, derived or generated from Confidential Material, to any other person, except as provided herein. Each such person, excluding the parties to this action, counsel of record, and counsel's staff, shall sign a statement which shall include his or her name, job title and employer, and a statement that he or she has read this Stipulation and Order of Confidentiality and agrees to be bound by all of its terms and conditions. Such statements shall be maintained by Plaintiff throughout this litigation, and the statements of any persons shown Confidential Material shall be made available to counsel for the Defendant State of Delaware upon termination of this litigation or upon good cause shown.

4. Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall be disclosed only to:

    (a)    the Court and Court personnel;

    (b)    attorneys of record in this action and persons employed in the attorneys' office, on a need-to-know basis;

    (c)    plaintiffs and defendants;

    (d)    independent experts such as economists;

    (e)    witnesses or potential witnesses with whom counsel of record deem it

necessary to discuss such material in the course of discovery and/or preparation for trial.

5.  Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall not be used for any purpose other than pretrial proceedings, preparation for trial, at trial, and post-trial litigation in connection with the above-captioned action.

6.  Any documents filed of record which contain Confidential Material shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with the title of this action, the words "Confidential Material - Subject to Protective Order," and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains confidential information filed in this case by [name or party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

7.  Any person may be examined as a witness during a deposition concerning documents designated as Confidential Material, but only as to those documents of which that person has prior knowledge. During examination, any such witness may be shown Confidential Material which appears on its face or from other documents or testimony to have been received by that witness from, or communicated to that witness by Defendant State of Delaware.

8.     Nothing contained in this Stipulation and Order of Confidentiality shall be construed as a waiver by the Defendant of its right to object to the subject matter of any discovery request made in this action, or the admissibility into evidence of any document or testimony subject to this Stipulation and Order. The execution of the Stipulation and Order of Confidentiality shall not be construed as an agreement by the Defendant to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the pending action or as a waiver of any privilege with respect thereto.

9.     Any dispute arising under this Stipulation and Order of Confidentiality shall be submitted to the Court for resolution. If Plaintiff disagrees with the designation of any material as Confidential Material, the material so designated shall nonetheless be deemed to be Confidential Material, and Plaintiff shall be required to file an appropriate motion (or other procedure that the Court requires in its scheduling order). A motion (or other procedure) may be made at any time, and failure to make a prompt motion (or other procedure) shall not be deemed a waiver of the intent to make such motion.

10.    Within thirty (30) days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all originals and copies of documents designated as confidential shall be returned to counsel for the Defendant, together with all documents containing data or information derived from or set forth in such Confidential Material, but this paragraph does not cover or include any pleadings filed by the plaintiff with the Court.

11. If any Confidential Material, information or data obtained, derived or generated therefrom, is sought through discovery from Plaintiff by any party in any other judicial or administrative proceeding, Plaintiffs will immediately notify the Defendant's counsel so as to allow the opportunity to seek a protective order from the appropriate court.

12. The provisions of this Stipulation and Order of Confidentiality shall not apply to any future parties or claims in this lawsuit, unless specifically amended to reflect applicability to such parties or claims.

13. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

_Helen F. Ryfa_  3/24/2006
Helen F. Ryfa            Date
307 E. Silver Fox Road
Newark, DE 19702
Plaintiff

_[signature]_  3/21/2006

6

Marc P. Niedzielski          Date
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendant

          **APPROVED AND SO ORDERED this \_\_\_\_ of _____, 2006**

                                                  _____
                                                          U.S.D.J.