

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

HELEN F. RYFA,                                    (
                                                  (
          Plaintiff,                              (
                                                  (
v.                                                (        C.A.No. o5-458-KAJ
                                                  (
DSCYF/OPEI,and all its                            (
OFFICERS,AGENTS, DIRECTORS                         (
                                                  (
          Defendant,                              (

---

Plaintiff hereby requests discovery by defendant
DSCYF/OPEI.  Compelling Disclosure of documents,
emails and material exhibits within the possession,
custody, or control of the defendant (DSCYF/OPEI) and
are which material to the plaintiff's case. RULE
26(a)(1)Federal Rule of Civil Procedure:

Plaintiff seeks to gain information that may assist in supporting
claims of discriminatory practices that include: race, sex, National
origin, retaliation and hostile work environment. Plaintiff also
contends that disparate treatment took place over a period of years in
its selection of applicants for positions of Family Crisis Therapist.

---

## Documents Requested:

1)   **All DSCYF personnel related  (electronic and non-
     electronic) records of and in relation to plaintiff from
     June 1999 to current date.**
2)   **All documents (electronic and non-electronic) concerning
     plaintiff.**
3)   By past supervisory staff (present and former FCT
     supervisors) and
4)   Related school personnel involved. I.E.  Leasure
     Elementary-Principal and assist. Principal, Stubbs
     Intermediate-Principal, Elbert-Palmer Academy- Principal
5)   To also include documentation by former Program Manager
     Scott Rosas.
6)   To also include written documentation by former FCT
     supervisor John Bates instructing him to closely monitor
     plaintiff's activities and other documentation regarding
     plaintiff providing the racial makeup of her caseload, her
     trainings, a complete listing of equipment in her
     possession.



FILED

APR 6 - 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1

Scanned

7)    To include documents initiated by or responded to by :
Joyce Hawkins/Jackie Cousin/Linda Payne/Susan Jones/Norwood
Coleman and other personnel at DSCYF, in the context of
regarding

    i)      the solicitation of EEOC investigatory
           documents/emails/letters.

    ii)     Documentation of the information divulged to
           inform the non-parties as to the extent of the
           charge filed by plaintiff and,

    iii)    Documentation of Merit Rules granting the
           level of confidentiality that was breached in
           this solicitation.

    iv)     Provide names, dates of interactions, and
           documents requested by DSCYF officers to
           include the above listed.

    v)      Provide the State of Delaware/DSCYF's internal
           protocol to be followed that exclusively
           allows for the violation of plaintiff's
           confidentiality, the tainting of a EEOC
           Investigation being conducted by the
           Philadelphia District EEOC Office.  And the
           damage to a professional reputation in a very
           small pool of positions available.

    vi)     To also include documentation by EEOC Officer
           Norwood Coleman concerning the numerous dates
           and substance of the
           meetings/conversation/emails with plaintiff
           and with whom he discussed the plaintiff's
           EEOC allegations.

    vii)    Documentation stating the reasons he chose to
           **not** advise plaintiff to file a complaint on
           her multiple allegations of
           discrimination/retaliation during their five
           separate meetings.

    viii)   Documentation of his role in the EEOC
           investigation (internally) and (externally)
           with Philadelphia investigator E. Draper-
           Hawthorne.  Dates and names of the individuals
           he spoke/wrote to/with and the substance of
           the interactions.

8)    To also include documentation by HR Manager Susan Jones
concerning the dates and substance of
meetings/conversations/emails and whom she discussed the
information with.  Provide copies of emails concerning
plaintiff's request for meetings to discuss the events
prior to the involuntary transfer and afterward up to the
time of her being laid off.

9)    Names and sorority/fraternity designations of all persons
in the FCT program to which they are a member currently or
in the past.

2

10)   FCT certification list beginning from the start of the FCT
      program approximately 12 years ago.

        1)   Names
        2)   Race
        3)   Sex
        4)   National Origin
        5)   Application Score-Whom scored application

11)   Persons interviewed for positions:
        1)   Name of applicant
        2)   Date of interview,
        3)   Interview Panel
        4)   race,
        5)   sex,
        6)   National Origin,
        7)   Application score
        8)   Hired/not hired
        9)   Number of times the applicant had been
           interviewed for a FCT position
           previously.

12)   Provide list of the last 30 FCT's hired and the racial
      makeup of the group. Include the transferring of FCT's to
      another position with in the program.
13)   Names of individuals with whom did not get to interview for
      the position that they secured initially as a
      casual/seasonal.
14)   Provide documentation of merit rules utilized in the
      handling of a casual/seasonal in the FCT program.
15)   Provide documentation for Linda Payne in her reassignment
      from k-4 program to K-3 program.
16)   Provide documentation that informs plaintiff of the
      involuntary transfer and the reasons set documented.
17)   Provide documentation of plaintiff's layoff letter and the
      documentation of her exit interview.
18    Provide resignation letter of FCT Melanie Thomas-Price from
      Bancroft School.  State her employment status, date of
      hire, resignation date and what period of time elapsed
      prior to scheduling interviews for the FCT position and
      what period of time had elapsed without a FCT prior to
      John Stevenson's arrival date.  Provide documentation on
      reasons given for refusing to transfer plaintiff to that
      position which was another casual/seasonal status position
      prior to her layoff in 9/30/03.
19)   Submit documentation on funding for Safe Schools Grant
      monies.
      i.   The rules set forth for use of said monies.
     ii.   The positions allocated for and
    iii.   Which schools received funds and for what amounts.
     iv.   In particular, Marshall Elementary.  List monies
        reallocated from Marshall due to the non placement
        of a FCT after the resignation of G. Peden in May
        of 2002.  Provide documentation by the principal

              E. Brooks stating that she did not need a FCT at her school.

    v. Provide documentation rejecting plaintiff's request to transfer to Marshall Elementary.

    vi. Provide documentation stating what schools Christina School District/Dept. Of Education had selected for the program.

    vii. Provide documentation of the $ 67K allocated for use to fund FCT at Marshall Elementary and the transfer of funds to another position.

20) Provide documentation supporting the lowering of plaintiff's employee evaluation from **EXCEEDS REQUIREMENTS** to a **MEETS REQUIREMENTS** directly following plaintiff's voicing concerns of racial bias.

21) Provide copy of written evaluation provided by L.Ochenrider (Principal at Leasure Elem.) with plaintiff's signature stating that plaintiff exceeded requirements.

22) Provide documentation supporting the preferential treatment given to Sarah Lancaster in order for "her to get the FCT position", she was in.

23) Provide documentation of the numerous emails sent by L. Payne to plaintiff for employment outside of the agency.

24) Provide documentation to the actual end date for the funds of the K-4 program and what date the K-4 FCT Supv and 2 remaining Caucasian FCTs were relocated to other FCT positions or laid off.

25) Provide the documentation stating the reasons for the multiple transfer of FCT Rosalyn Echols from four different schools.

26) Documentation of the discrimination charge against DSCFY settled with O.C. Abraham, Psychiatric Social Worker III (DSCYF).

27) Documentation of discrimination charges alleged by H. Grapperhaus against the FCT Supervisory staff that resulted in EEOC involvement.

28) Electronic email by Donna Mazewski to plaintiff outlining the discriminatory practices occurring at the Sept. 01 FCT interviews.

29) Application of Mike Cattermole, date of FCT interview.

30) Application of Edward Atwood, dates of all his FCT interviews attended and all the ones invited to but unable to attend  due to extremely short notice by OPEI staff.

31) Application of Nancy Jordan, dates of all  her FCT interviews

32) Application of Malissa Knox, dates of all her FCT interviews

33) Application of Donna Mazewski, dates of all her FCT Interviews.

**Financial records from State Personnel Office
providing monetary figures for:**

34)  Salary schedules for a pay grade 15 beginning at the
     program's inception.
35)  vacation/sick leave monthly accrual increments, rollover
     amounts, cashout amounts.
36)  Monetary value of medical/dental benefits provided for
     employees.
37)  Pension plan, amount of time to be fully vested,
38)  Amount of training provided yearly to FCT during the summer
     months and the financial replacement value.
39)  Amount of wages for social security benefits paid by
     employer and by the employee.
40)  Amount of wages paid for Medicare by the employer and by
     the employee.
41)  Number of holidays paid by the state for DSCYF employees
     yearly.
42)  Monetary value of short-term and long term disability
     benefits available to each employee.
43)  Monetary value placed on the benefits of life insurance for
     employee and family members.

If documents/records are withheld on the basis of privilege, the person
shall state, with respect to each document:
  (1) The name and title of the author of the document;
  (2) The names and titles of all persons to whom the document was
      addressed;
  (3) The names and titles of all persons to whom copies of the
      document were sent;
  (4) The date on which the document was written or otherwise produced
      and the date on which it was mailed, sent, or delivered to its
      addressee;
  (5) The number of pages in the document;
  (6) A brief description of the nature or subject matter of the
      document;
  (7) The basis on which the document is being withheld

Dated this __30th__ day of __March__, __2006__.

  __Helen F Ryfa__   Helen Ryfa
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, I hand delivered a copy of the foregoing document  to defendant's counsel, Asst. Deputy Attorney General Marc Niedzielski  and (2) other paper copies of the foregoing **Request for Discovery** to be sent to the clerk's office by first class mail.

**BY HAND**
**On March 31, 2006**
Marc Niedzielski, DAG
DEPARTMENT OF JUSTICE
STATE OFFICE BUILDING
820 N. French Street
Wilmington, DE 19801-3509

By Mail
On April 4, 2006
Office of the Clerk
United States District Court
844 N. King Street
Wilmington ,DE
19801



...len Ryba
...7. E. Silver Fox Rd
...ewark, DE, 19702

Office of the Clerk
U.S. District Court
844 N. King St
Wilmington DE 19801