File number: <u>C.A. No. 05-458-KAJ</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HELEN F. RYFA

PLAINTIFF,

V.

DSCYF/OPEI
AND ALL OF ITS OFFICERS, ASSOCIATES AND AGENTS

DEFENDANT.

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Helen Ryfa, alleges:

1. This action is brought on behalf of plaintiff to request enforcement of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. (Title VII).

2. This Court has jurisdiction over the action under 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1345.

3. Defendant Department of Services For Children Youth and Their Families/Office of Prevention and Early Intervention, (herein referred to as "DSCYF/OPEI") is a state social services agency.

4. Defendant, DSCYF/OPEI is a person within the meaning of 42 U.S.C. Section 2000e (a), and an employer within the meaning of 42 U.S.C. Section 2000e (b).

1

5. Defendant DSCYF/OPEI has discriminated against H. Ryfa a Hispanic female on the basis of race, reverse discrimination and retaliation and hostile work environment. Plaintiff H. Ryfa began employment as a permanent grade 13 level Merit employee as a Clinical Services Coordinator with Child Mental Health (CMH-Division of DSCYF) on June 2, 1999. Total time with CMH was 20 months.

H. Ryfa interviewed and was selected for a non-merit grade level 15 employee as a Family Crisis Therapist (herein referred to as FCT) for Division of Family Services-Office of Prevention and Early Intervention beginning February 16, 2001. Tenure of position was 31 months. In the OPEI program's history since 1996 not one occasion has occurred in which a non-merit employee was not granted the ability to interview for the position they held or not received the position. This remark was stated to plaintiff when hired for the FCT position. Plaintiff was informed that once the Joint Finance Committee approved the position for permanent Merit status in June/July 2001 the position would be posted and plaintiff would be given the opportunity to interview. Plaintiff took a calculated risk based on stated facts by OPEI staff during the hiring process. At one time a non-merit FCT employee did not make the certification list of her own school and after the insistence by the principal was placed on the certification list and consequently selected for the permanent Merit position.

Prior, during and after plaintiff's employment with DSCYF/OPEI was discriminated against on the basis of race, national origin, retaliation and reverse discrimination and hostile work environment in violation of section 703 (a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), among other ways, by:

a. subjecting Plaintiff to racial discrimination; and

b. failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment; and

c. failure by Equal Employment Opportunity Officer N. Coleman (" EEO/DSCYF") to act in an impartial capacity when assistance was requested by plaintiff on 4 different occasions;

d. failure or refusing to grant and or offer plaintiff or two other Caucasian employees to transition laterally to the empty FCT position located at Bancroft Academy. Which had been given notice by another non-merit FCT that she would be resigning the position to open her own daycare facility. Which was prior to the date of plaintiff's or the other two Caucasian employees whom DSCYF stated would come to also lose their jobs as of Sept 30, 2003; and

e. Defendant is responsible for the hiring of all FCT positions in it's Office of Prevention and Early Intervention ("OPEI") and is directly responsible for illegally influencing the non-selection of candidates including plaintiff

    for the positions located at Bancroft Academy, Richey Elem., Southern Elem., Mt. Pleasant Elem., Eastside Charter, and Baltz Elem; and

f.    Defendant is responsible for retaliating against plaintiff for voicing her racial discrimination concerns to OPEI Program Manager Scott Rosas on March 27, 2002 and for contacting Human Resources Officer Susan Jones with the same concerns on several occasions and finally contacting EEO Officer N. Coleman on four different occasions beginning in early 2002 and ending with a office visit after the last interview on Sept 8, 2004; and

g.    DSCYF/OPEI is responsible for hiring a significantly disproportionate number of African American applicant/candidates for FCT positions versus those of other racial origins during the years of Nov-Dec 2000 to the end of 2004. Of approximately 25 positions filled/promoted/transferred the following was noted (unofficially by plaintiff)
    1 Indian (India)
    1 Hispanic (plaintiff)
    6 Caucasian
    17 African Americans

h.    DSCYF/OPEI defendant is responsible for creating a hostile work environment against plaintiff; by

    (i)    by refusing to grant a transfer request by plaintiff, to another FCT position recently vacated in May 2002 at Marshall Elementary. Plaintiff had worked with a population of K-3 grades and was requesting an appropriate transfer to another school working with grades K-4. Instead plaintiff was transferred to a school (Stubbs Intermediate), which only provided grades 4, 5, 6. Grades 5 & 6 were not included in the Safe Schools Grant, but plaintiff was ordered to work with all grades.
    FCT Supervisor John Bates, stating that the principal did not want a FCT replacement, denied plaintiff's request. Marshall Elem. Principal Elva Brooks emphatically denied this statement and in turn replied that she had requested a replacement. This information was later supported by Yvette Santiago (Christina School District- Program Manager for Special Student Services Ms Santiago stated that she had repeatedly requested from Joyce Hawkins (Asst. Prog Manager OPEI) a person to fill the position at Marshall and was told that they did not have anyone. Ms.Santiago further stated that she, "Told Joyce Hawkins that she knew what a "pain in the ass" it was to requisition back the 67 thousand dollars in Safe Schools Grant monies from DSCYF/OPEI

    (ii)    Placing Plaintiff in a clearly hostile position with a obviously unhappy

3

    Principal at Stubbs Intermediate School. Principal instigated a petition to be signed by all staff stating that she and staff wanted Mr. Johnson to remain at the school. OPEI management ignored this. The principal had previously allocated a whole classroom for the exclusive use of the FCT and the school interventionist. However, when plaintiff arrived for the position, principal informed her that she had no space in the entire building for her to set up office. FCT was required to work out of her old office and automobile for the entire summer. Eventually she was granted use of a laptop to complete her reports. Principal refused to complete an evaluation on plaintiff, instead requesting that a FCT was not required at her school.

  (iii) Placing plaintiff in another school (grades 4, 5, 6) Elbert Palmer Academy. The only space available for individual and group sessions was located in a small corner in the time-out room with another teacher and other student's listening to the conversation. Leaving absolutely no privacy or confidentiality in therapeutic sessions.

  (iv) Plaintiff receiving of email by supervisor containing job announcements from other agencies.

  (v) Defendant, during final evaluation made statements:
    "You have an excellent resume and tons of experience, but you need to learn to "shut up". My advice is to look for a job outside of this agency".

I. Defendant provided preferential treatment of African American FCT's versus other racial groups.

J. The policies and practices of DSCYF/OPEI constitute a pattern or practice of Resistance to the full enjoyment by Caucasian and Hispanics of their right to equal employment opportunities without discrimination based upon race or national origin. The pattern or practice is of such a nature that it is intended to deny the full exercise of the rights secured by Title VII of the Civil Rights Act of 1964, as amended.

6. The Equal Employment Opportunity Commission ("EEOC") received a timely Charge filed by plaintiff H. Ryfa (Charge No. 170-2004-02169) in which she alleged that she had been discriminated against in employment on the basis of race, national origin, reverse discrimination, and retaliation during and after employment with DSCYF/OPEI. Plaintiff further alleged that she had reason to believe that this activity took place even prior to her employment hire at DSCYF/OPEI. EEOC Investigator Evangeline Hawthorne-Draper was presented

    with an email from a source that statements were made implicating DSCYF/OPEI of selecting applicants based upon race and sex. She did not contact this source prior to her closing the investigation.

7. Pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, the EEOC investigated the charge and was unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

8. All conditions precedent to the filing of suit have been performed or have Occurred.

## Wherefore, plaintiff prays that this Court grant the following relief:

a) Enjoin the Defendant DSCYF/OPEI and it's directors, officers and agents to take appropriate nondiscriminatory measures to overcome the effects of the discrimination.

b) Award compensatory damages to plaintiff as would fully compensate her for her injuries caused by defendant's unlawful conduct, as pursuant to and within the statutory limitations of Section 102 of The Civil Rights Act of 1991, 42 U.S.C. Section 1981a

c) Provide sufficient remedial relief to make whole plaintiff for the loss she has suffered as a result of the retaliation against her as alleged in this complaint;

d) Award such additional relief as justice may require, together wit Plaintiff's costs and disbursements in this action.

## JURY DEMAND

H. Ryfa, Plaintiff, hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a

_____   4/21/2006
Helen F. Ryfa, Plaintiff            Date
307 E. Silver Fox Rd
Newark, Delaware 19702
(302) 292-2282 (telephone)

# CERTIFICATE OF SERVICE

## Helen F. Ryfa  v.  DSCYF, C.A. No. 05-458-KAJ

I hereby certify that on April 21, 2006, I caused copies of the foregoing **Motion to Amend Original Complaint** to be served on the below-listed counsel in the manner indicated:

**BY HAND**
Marc P. Niedzielski, DAG
Carvel State Building
820 N. French Street
Wilmington, DE 19801

**BY HAND**
On April 21, 2006
Office of the Clerk
United States District Court
844 N. King Street
Wilmington, Delaware 19801

*Helen F. Ryfa*   4/21/2006